[No. 3,123.]

## THE PEOPLE OF THE STATE OF CALIFORNIA v. PHILIP KEARNEY.

CHARGE OF COURT IN CRIMINAL CASE.—The Court may, in a criminal case, by the express consent of the defendant, or by the mutual consent of the parties, charge the jury orally.

IDEM.—An entry in the minutes of the Court, in a criminal case, that "the Court charge the jury orally (a written charge being expressly waived)," must be construed as a "mutual consent" to an oral charge.

APPEAL from the County Court of Alameda County.

The defendant appealed.

The other facts are stated in the opinion.

*G. W. Tyler*, for Appellant, argued that the entry in the minutes did not show that the defendant waived a written charge.

*Jo Hamilton, Attorney General*, and *W. R. Hinkson*, for the People, argued that the words "a written charge being expressly waived" applied to both the people and the defendant.

By the Court, NILES, J.:

The defendant was tried and convicted of the crime of robbery. The minutes of the trial contain the following entry: "And the Court charge the jury orally as to their duty under the statute (a written charge being expressly waived), and the jury retire," etc. The oral charge by the Court is assigned as error upon appeal.

It is settled by a uniform series of decisions that a Court cannot charge the jury orally in a criminal case without the express consent of the defendant. (*People* v. *Sandford*, ante, p. 29, and case cited.) But the same section of the statute, which requires the charge to be reduced to writing, provides the exception to the rule that the charge may be given orally "by the mutual consent of the parties." (Stats. 1855, p. 275.) In this case it appears from the minutes of the trial which form a part of the record, that an oral charge was *expressly waived*. This cannot be construed otherwise than as a mutual consent—for the right to a written charge cannot be waived without the assent of each of the parties entitled to the privilege.

Judgment affirmed.